**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**KRISTEN MARCEAU and COLLEEN SMITH,**

**Plaintiff,**

**v.**

**BEAR MOUNTAIN STAFFING SOLUTIONS and BEAR MOUNTAIN MANAGEMENT COMPANY LLC, and BEAR MOUNTAIN HEALTHCARE LLC**

**Defendants.**

**Civil Action No.:**

**COMPLAINT**

**Civ No:3:21-cv-30095**

**Jury Trial Demanded**

## INTRODUCTION

COME NOW Plaintiffs, Kristen Marceau and Colleen Smith, by and through their undersigned counsel, files this lawsuit against Defendants Bear Mountain Management Company LLC, Bear Mountain Staffing Solutions and Bear Mountain Healthcare LLC (hereinafter “Bear Mountain”) on behalf of themselves and similarly situated employees, pursuant for violations of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., (“FLSA”), Massachusetts General Law chapter (M.G.L. c.) 149, §§ 148, 150, 151 and for violations of Massachusetts common law. Plaintiffs allege overtime violations as a result of being denied overtime pay at the statutory rate under the FLSA. Defendants’ nonpayment of FLSA required overtime wages to Plaintiff also constitutes failure to timely pay wages as required by M.G.L. c.

149 § 148, the violation of which carries treble damages under M.G.L. c. 149 § 150. Plaintiff seeks compensatory damages, statutory damages, interest, costs, and attorneys' fees.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1332, 1337, 1338, 1343(a) (4) 1367.
2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as Defendants are registered corporations who conduct business in this District and as a substantial part of the events or omissions giving rise to the claims that occurred in this District.
3. Plaintiff asserts state based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under the laws of the State of Massachusetts. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2003-5(g).

## II. PARTIES

4. Plaintiffs Kristen Marceau ("Ms. Marceau") and Colleen Smith ("Ms. Smith") are residents of Hampden County, Massachusetts (within this District).
5. Ms. Marceau and Colleen Smith were jointly employed by Defendants, Bear Mountain Management Company LLC, Bear Mountain Staffing Solutions and Bear Mountain Healthcare LLC (hereinafter "Defendants").
6. Plaintiff is covered by §§ 203, and 207 of the FLSA for the period in which they were employed by Defendants.

7. Defendant Bear Mountain Management Company LLC is a domestic corporation with its principal place of business at 320 Maple Avenue Great Barrington, MA 01230

8. Defendant Bear Mountain Staffing Solutions is a domestic corporation with its principal place of business at 24 Prospect Avenue, West Springfield, MA 01089.

9. Defendant Bear Mountain Healthcare LLC is a foreign corporation with its principal place of business at 130 South Main Street Thomaston, CT 06787, and conducts business in the district at its office location at 148 Maple Avenue Great Barrington, MA 01230

10. Defendants conduct business within this State and District, and at all times relevant to this lawsuit are private business entities that manage employees, such as Plaintiffs. As such, Defendants are subject to the jurisdiction of this Court. Defendants may be served process to their registered agent, Registered Agent United Corporate Services, Inc., 44 School Street Suite 505, Boston, MA 02108.

11. Defendants are employers as defined by § 203(d) of the FLSA. Defendants are subject to the provisions of the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Massachusetts.

12. Plaintiffs were, at all times relevant to this action, "employees" of the Defendants as defined at § 203(e)(1) of the FLSA, and are entitled to the protections provided thereunder.

13. Defendants were provided an opportunity to resolve the concerns described herein prior to the filing of this lawsuit.

## III. GENERAL ALLEGATIONS

14. Plaintiff Kristen Marceau has been employed by Defendants' as a "Medical Scheduler" at Defendant's office in West Springfield, Massachusetts.
15. Ms. Marceau was paid an hourly rate of $19.75 on a bi-weekly pay schedule.
16. From May 3, 2021 to July 31, 2021, Ms. Marceau performed her duties during Bear Mountain's established business hours of Monday through Friday, 8:00 am to 4:30 pm, while working during her lunch breaks every day (2.5 hours a week);
17. Ms. Marceau worked 12.5 additional hours each week, and worked an additional 16 hours on two designated weekends when required to be on call.
18. In total, Ms. Marceau performed approximately 150 hours of overtime work that she has not been compensated for.
19. Since Ms. Marceau's additional 150 hours of overtime are compensable at the rate 1.5 times her regular hourly rate $19.75 ($29.63), she is owed a total of $4,978.13 in unpaid wages.
20. Ms. Colleen Smith was also employed by Defendant's as a Medical Scheduler at Defendant's office in West Springfield, Massachusetts, and was paid an hourly rate of $19.75 on a biweekly pay schedule.
21. From May 3, 2021 to July 31, 2021, Ms. Smith performed her duties during Bear Mountain's established business hours of Monday through Friday, 8:00 am to 4:30 pm, while working during her lunch breaks every day (2.5 hours a week).
22. Ms. Smith worked an additional 22.5 additional hours each week, and worked an additional 16 hours on 3 designated weekends when required to be on call.

23. In total, Ms. Smith performed approximately 274 hours of overtime work that she has not been compensated for.

24. Since Ms. Smith's additional 274 hours of overtime are compensable at the rate 1.5 times her regular hourly rate $19.75 ($29.63), she is owed a total of $8,905.90 in unpaid wages.

25. FLSA requires employers pay overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times their appropriately calculated regular rates of pay. Accordingly, Ms. Marceau and Ms. Smith are unequivocally entitled to full payment for overtime hours worked, and they do not qualify for any of the recognized exemptions from the protections of FLSA.

26. Defendants' failure to pay Ms. Marceau and Ms. Smith overtime on their regularly scheduled paydays violates the Fair Labor Standards Act.

27. Ms. Marceau and Ms. Smith did not supervise any employees and had no authority to hire, fire, promote or discipline employees.

28. Neither Ms. Marceau's nor Ms. Smith's work involved the performance of duties directly related to management or general business operations. To the extent that their work required any judgment at all, this judgment was limited to choices within set policies or guidelines.

29. Ms. Marceau and Ms. Smith were paid an hourly non-exempt rate during the entire course of their employment, and regularly worked more than 40 hours a week.

30. Defendants deliberately avoided paying Ms. Marceau and Ms. Smith their full compensation earned and refused to include their bonus pay as part of their regular rate in computing overtime pay. This practice is illegal under the Fair Labor Standards Act.

31. Plaintiff filed a timely complaint with the Massachusetts Attorney General's Office requesting permission to pursue a private right of action in Court against Defendants, which permission was granted.

## IV. CAUSES OF ACTION

### COUNT ONE
### FAILURE TO PAY OVERTIME
### (29 U.S.C. § 207)

32. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

33. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

34. Plaintiff was not an exempt employee under FLSA.

35. Defendants deliberately avoided paying Ms. Marceau and Ms. Smith their full compensation.

36. Defendants were aware that they could not lawfully deny Plaintiff's their appropriately calculated overtime wages.

37. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's overtime compensation.

38. As a result of Defendants' violations of the FLSA, Plaintiff suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

39. As a result of the unlawful acts of Defendants, Ms. Marceau and Ms. Smith have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

**COUNT TWO**
**FAILURE TO PAY OVERTIME**
**(Mass. Gen. L. c. 151)**

40. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

41. During certain pay periods, Defendants violated M.G.L. by failing to pay Plaintiff overtime wages.

42. Plaintiff is entitled to treble damage.

**COUNT THREE**
**QUANTUM MERUIT**

43. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

44. Valuable services were rendered to Defendants by Plaintiffs.

45. The services were accepted, used and enjoyed by Defendants.

46. A reasonable person would have expected to compensate Plaintiffs for such use and enjoyment.

47. Plaintiffs had a reasonable expectation of receiving compensation for the services which were rendered.

48. Plaintiffs are entitled to damages.

**PRAYER FOR RELIEF**

49. Wherefore, Plaintiff prays that process is issued according to law and demands judgment against Defendants as follows:

    a. declaring judgment that the Defendants has willfully violated the FLSA;

    b. awarding Plaintiff unpaid overtime compensation owed under the FLSA;

    c. awarding Plaintiff an additional equal amount of unpaid overtime compensation and pre-judgment interest as liquidated damages;

    d. awarding treble damages against Defendants and in favor of Plaintiff, and such interest as provided by M.G.L. c. 149, § 150;

    e. awarding Plaintiff pre-judgment interest from the time of loss until payment of the judgment;

    f. awarding Plaintiff his costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as provided by M.G.L. c. 149, § 150 and FLSA;

    g. awarding Plaintiff damages with regard to his unjust enrichment claim; and

    h. awarding Plaintiff such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated September 17, 2021

Respectfully Submitted

/s/ Arnold J. Lizana III
Arnold J. Lizana III (BBO #546161)
Law Offices of Arnold J. Lizana III
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel. 877-443-0999
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**